STATE v. ROBERT McMINN.

*Indictment for Selling Liquor on Sunday—Dental Surgeons—Physicians—Prescription of Liquor for Toothache.*

A dentist or dental surgeon is not a "physician" within the meaning of Section 1117 of *The Code*, and hence his prescription for liquor for the toothache does not justify one in selling liquor on Sunday on such prescription.

INDICTMENT for unlawfully selling liquor on Sunday, tried before *Ewart, J.*, and a jury, at October Term, 1895, of the Criminal Circuit Court for HENDERSON County.

STATE *v.* McMINN.

The indictment charged:

That the defendant, on the 14th of October, 1895, the same being Sunday, did unlawfully and willfully sell intoxicating liquors to one Stagg without the prescription of a physician, and not for medical purposes, contrary, &c.

By consent the court found the facts, and adjudged that the defendant is guilty, and gave judgment that he pay a fine of twenty dollars, and defendant appealed.

The facts found are as follows: Crow Stagg, being sworn, said that he lived in Hendersonville. On Sunday, in_____, 1895, he had an aching tooth and went to Dr. Smathers, a dental surgeon, and asked him for a prescription for whiskey. The doctor offered to give him a prescription for a half pint, but witness insisted on getting a prescription for a pint, and the doctor gave it to him. Witness took it to defendant, who gave him a pint of whiskey, and witness paid for it. It was on Sunday. Witness had often bought liquor of defendant. Doctor Smathers testified that he is a dental surgeon, licensed by the State Dental Association, and resides in Hendersonville; that on the Sunday referred to Stagg came to him and said he had a severe toothache, and asked for a prescription for whiskey. Witness examined the tooth of Stagg, and told him he would give him a prescription for half a pint, but on the insistance of Stagg he finally gave him a prescription for a pint. Witness is not a practicing physician but a dental surgeon, and often uses liquor in his practice.

Defendant testified in his own behalf that he is a barkeeper in Hendersonville, and that on the Sunday referred to Stagg came to him with a prescription from Dr. Smathers; and, supposing that it was all right, he delivered to Stagg one pint of whiskey, for which Stagg paid him, and told him at the time that he was suffering from toothache.

Witness knew Stagg well, and had often sold him whiskey,. but never on Sunday before.

The court charged the jury that if they believed the evidence of the witnesses for the State the defendant would be guilty ; that the prescription of Dr. Smathers, a dental surgeon, was not a prescription from a practicing physician and was no protection to the barkeeper who sold liquor on, Sunday ; that prescriptions could only be given by practicing physicians, and could not be filled by barkeepers. unless upon such prescriptions, and then only for medical purposes. Defendant excepted and appealed from the judgment rendered.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J. : The court instructed the jury that a prescription from a dental surgeon was not " a prescription from a physician" which would protect one who sold intoxicating liquor on Sunday. *Code,* Sec. 1117. " A physician is one authorized to prescribe remedies for and treat diseases; a doctor of medicine." Webster's Dict.. To the same purport are the " Century " and the " Standard " dictionaries. A dentist or dental surgeon is one who performs manual or mechanical operations to preserve teeth, to cleanse, extract, insert or repair them. The statutes of this State recognize that dentists are not included in the term " physician, " the latter being regulated by *The Code,* Secs. 3121–3134, with the amendatory Acts of 1885, Chs. 117 and 261, and Acts 1889, Ch. 181,. while dentists are governed by *The Code* Secs. 3148–3156, and the amendatory Acts of 1887, Ch.178, and 1891, Ch. 251. If dentists came within the term " physician " as used in *The Code,* Sec. 1117, " toothache " would become more

alarmingly prevalent than " snake bite," and that it would with usage become more dangerous is evident from the fact that the very first dental surgeon's prescription for toothache, coming before us, is for " one pint of whiskey ;" the size of the tooth is not given, nor whether it was a molar, incisor, eye-tooth or wisdom tooth, and yet there are 32 teeth in a full set, each of which might ache on Sunday. The duties of a dentist are limited to the " manual or mechanical operations " on the teeth.   Whenever the use of liquor is necessary, it being a remedy to act on the body, and only indirectly in any case for the teeth, within the purview of the statute, it must be prescribed by a " physician " to authorize a sale on Sunday.

No Error.